# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARCELL WALKER,<br><br>      Plaintiff,<br>v.<br><br>OFFICER MOSSMAN, OFFICER KRANZ, and DETECTIVE SHAWN HALVERSON,<br><br>      Defendants. | Case No. 24-CV-1347-JPS<br><br>**ORDER** |

  Plaintiff Marcell Walker ("Walker"), an inmate confined at Milwaukee County Community Reintegration Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants Officer Mossman, Officer Kranz, and Detective Shawn Halverson ("Detective Halverson") (together "Defendants") violated his Constitutional rights by conducting an illegal stop of his vehicle in April 2024. ECF No. 1. Walker later filed a motion to proceed without prepaying the filing fee, also known as in forma pauperis. ECF No. 6. Finally, Walker moved the Court to appoint counsel to represent him in this case. ECF No. 3. This Order resolves Walker's motions to proceed in forma pauperis and to appoint counsel and screens his complaint.

**1.  MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Walker was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 11, 2024, the Court ordered Walker to pay an initial partial filing fee of $68.77. ECF No. 8. Walker paid that fee on December 31, 2024. The Court will grant Walker's motion for leave to proceed without prepaying the filing fee. ECF No. 6. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.     SCREENING THE COMPLAINT

   2.1     Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous" or "malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." *Felton v. City of Chi.*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint is *factually* frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Allegations that are merely "unlikely," "improbable," or "strange" do not meet this standard. *Id.* (quoting *Denton*, 504 U.S. at 33). A claim is *legally* frivolous if it is "based on an indisputably meritless legal theory." *Id.* (quoting *Neitzke*, 490 U.S. at 327–28). "A malicious complaint is one brought for purposes of harassment." *Heard v. Blagojevich*, 216 F. App'x 568, 570 (7th Cir. 2007) (quoting *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003)).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.2 Walker's Allegations

Walker's complaint, including attached exhibits,[1] demonstrate that on April 12, 2024, at approximately 10:32 PM, Milwaukee Police

---

[1] "[A] court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (collecting cases).

Department Officers Mossman and Kranz "observed a black, 2014, Dodge Dart" and a search "of the vehicle's plates revealed the vehicle's registration to be expired." ECF No. 1-1 at 1. Officer Mossman and Officer Kranz then turned on their squad's emergency lights and siren and the vehicle pulled over. *Id.* When the officers approached the vehicle, Walker opened the driver's door, and Officer Mossman identified him as driver and sole occupant of the vehicle, but before the officers arrived at the vehicle Walker began driving away. *Id.* This led to a high-speed chase where Walker ignored several stop signs and ultimately ran a red light, causing a collision between his vehicle and two other vehicles that were lawfully crossing during a green light. *Id.* One of the vehicle operators was emergency transported to the hospital for her injuries, while the other sustained minor injuries. *Id.*

Walker was charged on April 17, 2024 with various violations of state law including fleeing a police officer and causing bodily harm, recklessly endangering safety, possession with intent to distribute cocaine, possession of a firearm while a convicted felon, and felony bail jumping. *State of Wisconsin v. Marcel Delain Walker*, Milwaukee County Case No. 2024CF001792 (Apr. 17, 2024), https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF001792&countyNo=40&index=0&mode=details (last visited May 5, 2025) (the "Milwaukee County Case").[2]

Walker claims that his Constitutional rights were violated when "[D]efendants falsified the time stamp" on the "the report stating the plate was read at 10:32 pm" then used that to unlawfully stop Walker. ECF No. 1

---

[2]The Court may take judicial notice of these court documents. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir 1994).

at 2. Walker concludes this because what is presumably the police report for the event, attached by Walker as Exhibit A, states that Officer Mossman and Officer Kranz ran Walker's plate[3] at 10:32 PM on April 12, but a document from the Wisconsin Department of Transportation ("DOT") Crime Information Bureau lists the "date and time" as 12:34 AM on April 13. *Compare* ECF No. 1-1 at 1 *with* ECF No. 1-1 at 2. Walker explains that, at the time they stopped his vehicle on April 12, Officer Mossman and Officer Kranz lacked probable cause to do so. ECF No. 1 at 2 (citing a "paucity of evidence" for the stop).

Walker claims that the Defendants' actions violated his Fourth, Fifth, and Fourteenth Amendment rights and his rights under Article One, Sections Two and Eight of the Wisconsin Constitution as well as Wisconsin Statute § 968.24. *Id.* at 2. The amount of damages Walker seeks is unclear, with the complaint listing a demand of $75,000.00 in compensatory damages from each Defendant and either $75,000.00 or $250,000.00 from each Defendant in punitive damages. *Id.* at 3.

### 2.3   Analysis

Walker's allegations are sparse, but reading his complaint liberally, —as it must do, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)—the Court discerns a Fourth Amendment wrongful seizure claim from Walker's allegations.

"The Fourth Amendment guarantees '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Whren v. United States*, 517 U.S. 806, 809 (1996).

---

[3]It appears from the exhibit Walker attached to his complaint that the Dodge Dart that Walker was driving on April 12, 2024 was owned by a Stephanie Carole Rivera and not Walker. *See* ECF No. 1-1 at 2. Nevertheless, because it seems that Ms. Rivera is not involved in this incident, *see generally id.*, the Court will refer to the vehicle as Walker's for the purposes of this Order.

Therefore, "[t]emporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision." *Id.* at 809–10 (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979), *United States v. Martinez-Fuerte,* 428 U.S. 543, 556 (1976), and *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975)). "Thus, whenever a police officer decides to stop a vehicle, the stop must meet the reasonableness requirements of the Fourth Amendment." *United States v. Rodriguez-Escalera*, 884 F.3d 661, 667 (7th Cir. 2018) (citing *Prouse*, 440 U.S. at 663). A "decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren*, 517 U.S. at 810 (citing *Prouse*, 440 U.S. at 659 and *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (*per curiam*)); *see also Rodriguez-Escalera*, 884 F.3d at 667 ("To pull a car over for a brief investigatory stop, a police officer must have 'at least [an] articulable and reasonable suspicion' that the particular person stopped is breaking the law." (quoting *Prouse*, 440 U.S. at 663)).

This type of investigatory stop of a vehicle is called a Terry stop, named after the Supreme Court case *Terry v. Ohio*, 392 U.S. 1 (1968). Wisconsin has codified the Terry standard in WIS. STAT. § 968.24, which Walker also cites as supporting his claims here. *State v. Brown*, 18 N.W. 3d 431 (Table), ¶ 13 (Wis. Ct. App. 2024) (citing *State v. Blatterman*, 864 N.W.2d 26, ¶ 18 (Wis. 2015)). Because Wisconsin courts rely on Fourth Amendment caselaw, including *Terry* and its progeny, when interpreting WIS. STAT. § 968.24—*see Blatterman*, 864 N.W.2d ¶ 18—the Court will follow suit and consider the claims together below.

Walker's allegations against Officer Mossman and Officer Kranz support a Fourth Amendment wrongful seizure claim. He alleges that "[D]efendants falsified the time stamp" on the "report stating the plate was

read at 10:32 pm" then used that to unlawfully stop Walker. ECF No. 1 at 2. He implies that Defendants did not actually run the plate for his vehicle until after midnight the following day, and thus that at the time they stopped him, Defendants lacked probable cause. *Id.* Construing Walker's allegations liberally and taking them as true as the Court must do at this stage, *Haines*, 404 U.S. at 520–21, Walker has alleged enough to support that Officer Mossman and Officer Kranz lacked probable cause to stop his vehicle on April 12, 2024 and that they therefore wrongfully seized him in the first instance, prior to when he fled.[4]

While Walker states that Defendants, ostensibly meaning all three (Officer Mossman, Officer Kranz, and Detective Halverson), falsified the report and manufactured probable cause after the fact, the document he attaches directly contradicts this. The police report Walker attached to his complaint states that only Officer Mossman and Officer Kranz were involved in running the plate for Walker's vehicle and subsequently stopping his vehicle on April 12, making no mention of Detective Halverson. *See* ECF No. 1-1 at 1. Although Walker references "[d]etective work" presumably performed by Detective Halverson, ECF No. 1 at 2, the police report's exclusion of any reference to Detective Halverson, and Walker's failure to include any specific allegations as to Detective Halverson, makes it implausible to infer that he was involved in the April 12 stop.

---

[4] The Milwaukee County Case, while stemming from the April 12, 2024 incident, does not appear to be factually related to any of Plaintiff's claims in this case, because each of the charges relates to Plaintiff's actions while fleeing police officers after first being stopped. Accordingly, the Court does not believe at this time that this action must be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), but it welcomes motion practice if at any point the parties disagree.

Accordingly, the Court will give Walker two options: (1) he may amend his complaint to specifically state how Detective Halverson violated his rights related to the April 12, 2024 incident, or (2) he may choose not to amend his complaint, in which case the Court will dismiss Detective Halverson from this action without prejudice.

Walker also states that his allegations support violations of the Fifth and Fourteenth Amendments, as well as Article One, Sections Two and Eight of the Wisconsin Constitution, but none of these claims are supported by the April 12, 2024 incident as he describes it. The Fifth Amendment's due process clause[5] "applies only to acts of the federal government and does not limit actions of state officials" and is thus, inapplicable here. *Craig v. Cohn*, 80 F. Supp. 2d 944, 947 (N.D. Ind. 2000) (citing *Huffaker v. Bucks Cnty. Dist. Atty.*, 758 F. Supp. 287, 290 (E.D. Pa. 1991)); *see also Andrews v. Consolidated Rail Corp.*, 831 F.2d 678, 682–83 (7th Cir. 1987) (affirming dismissal of Fifth Amendment claims against a party who was "neither an agent nor an entity of the federal government"). The Fourteenth Amendment is applicable here only insofar as the Fourth Amendment applies to the states "by virtue of the due process clause of the Fourteenth Amendment." *McKinney v. George*, 726 F.2d 1183, 1186 (7th Cir. 1984) (citing *Wolf v. Colorado*, 338 U.S. 25, 27–28 (1949)); *id.* at 1186–87 (noting that separate discussion of facts under Fourth Amendment and Fourteenth Amendment due process clause would be redundant and was unnecessary).

As for Walker's Wisconsin Constitutional claims, they are also inapplicable here. First, Article One, Section Two of the Wisconsin Constitution prohibits slavery—a topic that in no way relates to Walker's allegations in this action. Second, the relevant portion of Article One,

---

[5]None of the other rights enumerated in the Fifth Amendment are relevant to Walker's allegations here.

Section Eight of the Wisconsin Constitution states: "No person may be held to answer for a criminal offense without due process of law, and no person for the same offense may be put twice in jeopardy of punishment, nor may be compelled in any criminal case to be a witness against himself . . . ." Because Walker's allegations relate only to the brief period where he was stopped by Officers Mossman and Kranz before fleeing, which does not appear to be the basis of his current criminal prosecution, none of these protections apply here.[6]

If Walker chooses to amend his complaint, his amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court *and each defendant* with notice of what each defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Walker must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Walker may use up to five additional sheets of paper.

Walker is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v.*

---

[6]The Court notes that Article One, Section Eleven of the Wisconsin Constitution is nearly identical in language to the Fourth Amendment and would accordingly be applicable, if redundant, here. *See also State v. Young*, 717 N.W.2d 729, ¶ 30 (Wis. 2006) ("Typically, [Wisconsin] court[s] interpret[] Article, Section 11 of the Wisconsin Constitution in tandem with the Fourth Amendment jurisprudence of the United States Supreme Court." (citing *State v. Griffith*, 613 N.W.2d 72, ¶ 24 n.10 (Wis. 2000)).

*Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995) and *Barnett v. Daley*, 32 F.3d 1196, 1998 (7th Cir. 1994)). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

### 3.     MOTION TO APPOINT COUNSEL

Walker additionally requests that he be appointed an attorney to represent him. ECF No. 3. As a civil litigant, Walker has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc)). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made a reasonable attempt to secure counsel; and (2) "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt*, 503 F.3d at 655). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018) (citing *Pruitt*, 503 F.3d at 654).

Walker has not demonstrated that he has made a reasonable attempt to secure counsel on his own, so the Court will deny his motion without prejudice. If Walker raises the motion again, he must demonstrate his attempts to secure counsel and explain why the difficulty of the case exceeds his capacity as a layperson to litigate it.

4.  **CONCLUSION**

For the reasons stated above, Walker's motion to proceed in forma pauperis will be granted, his motion for appointment of counsel will be denied without prejudice, and he will be granted the opportunity to amend his complaint by **June 4, 2025** to state a claim against Detective Halverson. If Walker chooses not to amend his complaint, the Court will dismiss Detective Halverson without prejudice and allow Walker to proceed on his Fourth Amendment claim and parallel claim under WIS. STAT. § 968.24 against Officer Mossman and Officer Kranz.

Accordingly,

**IT IS ORDERED** that Plaintiff Marcell Walker's motion for leave to proceed without prepaying the filing fee, ECF. No. 6, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Marcell Walker's motion to appoint counsel, ECF No. 3, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Marcell Walker may file an amended complaint that complies with the instructions in this Order on or before **June 4, 2025**. If Walker files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Walker does not file an amended complaint by the deadline, the Court will dismiss Detective Halverson from this action without prejudice and allow Walker to proceed on his claims against Officer Mossman and Officer Kranz;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff Marcell Walker a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions"

and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $281.23 balance of the filing fee by collecting monthly payments from Plaintiff Marcell Walker's prison trust account in an amount equal to 20% of the preceding month's income credited to Walker's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.